## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jerome E. Heinemann,**
**Petitioner Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No.  12-0610** (Pocahontas County  12-P-18)

**Pocahontas County Commission,**
**Respondent Below, Respondent**


### MEMORANDUM DECISION


Petitioner Jerome E. Heinemann, *pro se*, appeals the order of the Circuit Court of Pocahontas County entered April 26, 2012, that denied his petition for a writ of prohibition challenging the Pocahontas County Commission's conveyance of a certain parcel of real estate to the Greenbrier Valley Economic Development Corporation. Respondent Pocahontas County Commission ("Respondent"), by counsel Jacob A. Manning and Jason S. Long, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent owned approximately thirty-three acres of real estate in the Green Bank District of Pocahontas County. Out of this larger tract, Respondent conveyed a three-acre parcel to the Greenbrier Valley Economic Development Corporation ("GVEDC") in 2007.


GVEDC is a joint development entity of Greenbrier, Monroe, and Pocahontas Counties. Members of each county's commission serve on GVEDC's board of directors. Pursuant to West Virginia Code §§ 7-12-9b(d) and (e), a joint development entity "is a public corporation and a political subdivision and instrumentality of its partners" and, for state tax purposes, "a political subdivision of the State of West Virginia."

The conveyed real estate was to be used by GVEDC for industrial purposes. On January 29, 2008, GVEDC leased the real estate to a private entity. According to Petitioner, seven businesses are now located on the real estate.

1

After a facility for storing sewage was proposed for addition to the site, Petitioner, a Green Bank resident and taxpayer, filed a petition for a writ prohibition against Respondent on March 12, 2012. Petitioner asked the circuit court to prohibit Respondent from conveying an additional nine acres to GVEDC for the proposed storage facility and sought judicial review of the 2007 conveyance of the three-acre parcel.

At the April 11, 2012, hearing on Respondent's motion to dismiss the petition, Respondent's counsel stated that the decision to convey the additional nine-acre parcel had been rescinded and that "as we sit here today, the most recent attempt to convey has not taken place." Petitioner is concerned that Respondent might make a future attempt to convey the additional nine acres.

In its April 26, 2012, order denying the petition, the circuit court first held that a writ of prohibition was not a proper vehicle for challenging Respondent's decisions to convey property to an economic development corporation. The circuit court determined that such decisions were legislative acts and that "prohibition does not lie to control a legislative body." *State ex rel. Miller v. Smith*, 168 W.Va. 745, 755, 285 S.E.2d 500, 506 (1981); *see also Wiseman v. Calvert*, 134 W.Va. 303, 59 S.E.2d 445 (1950) (denying a writ of prohibition challenging a county court's decision to incorporate a municipality).[1] Second, even if a writ of prohibition was a proper remedy in the case at bar, the circuit court held that the petition failed as a matter of law because "[Respondent]'s actions were permitted by statute." As a joint development entity, West Virginia Code § 7-12-9b(d) provides GVEDC all the "powers, rights and privileges" of a county development authority. One of those powers, rights, and privileges is to have the relevant county commission(s) convey property to GVEDC for use in industrial development, "such transfers or conveyances to be without consideration or for such price and upon such terms and conditions as the said county commission . . . deems proper." W.Va. Code § 7-12-11.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). On appeal, petitioner argues that a writ of prohibition lies against Respondent because county commissions, at various times, perform judicial or *quasi-judicial* functions in addition to legislative and executive functions.[2] Petitioner argues that to sell or convey real estate, Respondent must do so pursuant to either West Virginia Code § 7-3-3 (public auction) or West Virginia Code § 7-3-3a (local option election). Despite the clear statutory language to the contrary, Petitioner also disputes GVEDC's status as a public corporation.[3]

---

[1] County courts are now known as county commissions.

[2] Like legislative acts, executive acts also cannot be prevented through a writ of prohibition. *See State ex rel. Miller v. Smith*, 168 W.Va. 745, 755, 285 S.E.2d 500, 506 (1981).

[3] In making these arguments, Petitioner raises numerous other issues such as federal and

Respondent argues that GVEDC is a public corporation under the West Virginia Code. Respondent notes that it was conveying property to a joint development entity and that its acts were authorized under the Code. Respondent argues that the circuit court properly interpreted this Court's prior decisions as holding that a writ of prohibition is not available to challenge its legislative acts.

A motion to dismiss is a proper means to test the legal sufficiency of a pleading. *See Pauley v. Kelly*, 162 W.Va. 672, 677, 255 S.E.2d 859, 863 (1979). Petitioner's petition was insufficient in two ways. First, "[p]rohibition does not lie to control the action of a county [commission] in exercising power not judicial or quasi[-]judicial in its nature[.]" Syl. Pt. 4, *Wiseman*, supra. Because Respondent says in its response that it acted following "deliberation," Petitioner argues that a writ of prohibition was a proper remedy because the process of deliberating is usually ascribed to the judiciary rather than to a legislative body. Petitioner's argument is misplaced because it is the nature of the act itself that determines whether it is a judicial or legislative function. Second, Respondent is correct that conveying real estate to a joint development entity is authorized by the West Virginia Code, specifically, §§ 7-12-9b(d) and 7-12-11. Therefore, after careful consideration, this Court concludes that the circuit court did not err in dismissing the petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Pocahontas County and affirm its order, entered April 26, 2012, denying the petition for a writ of prohibition.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

state environmental laws and regulations, as well as whether Respondent could lawfully hire private counsel to defend against his petition. *But see* W.Va. Code § 7-4-3 (providing that a county commission may employ private counsel "as it may deem necessary"). None of these issues have ever been fully briefed or raised independent of Petitioner's main contentions. In its order, the circuit court noted that "[p]etitioner . . . challenges the validity of the sale for a number of reasons," but did not rule on these additional issues. This Court declines to pass on them in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).